N.D. OF N.Y.
FILED

MAR 0 3 2017

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK** LAWRENCE K. BAERMAN, CLERK
ALBANY

| | | |
|---|---|---|
| Douglas J. Johnson | ) | Civil Case No.: 1:17-cv-252 |
| **Plaintiff(s)** | ) | |
| | ) | (BKS)DEP) |
| **vs.** | ) | **CIVIL COMPLAINT** |
| AmeriGas Propane LP | ) | **PURSUANT TO** |
| Kathy L. Prigmore | ) | **TITLE VII OF THE** |
| **Defendant(s)** | ) | **CIVIL RIGHTS ACT,** |
| | ) | **AS AMENDED** |

Plaintiff(s) demand(s) a trial by: [ ] JURY   [✓] COURT   (Select **only** one).

### JURISDICTION

1.   Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

### PARTIES

2.   Plaintiff: Douglas J Johnson

Address: 281 Broome St.

Catskill, NY

12414

Additional Plaintiffs may be added on a separate sheet of paper.

3.   a.   Defendant:         AmeriGas Propane LP

Official Position:      LP Corporation

Address:      460 North Gulph Rd.

King of Prussia, Pa.

19406

b.   Defendant:         Kathy L. Prigmore

Official Position:    Vice President

Address:         Work: 460 North Gulph Rd. King of Prussia. Pa.19406

Home: 402 Briarwood Dr.

Elverson, Pa. 19520

4.   This action is brought pursuant to:

☐   Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.
§ 2000e *et seq.*, and the Civil Rights Act of 1991, for employment discrimination
based on race, color, religion, sex or national origin.

☐   Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as
amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for
employment discrimination based on pregnancy.

5.   Venue is invoked pursuant to 28 U.S.C. s 1391.

6.   Defendant's conduct is discriminatory with respect to the following (check all that apply):

(A)   ☐   My race or color.
(B)   ☐   My religion.
(C)   ☐   My sex (or sexual harassment).
(D)   ☐   My national origin.
(E)   ☐   My pregnancy.
(F)   ☑   Other:  Dodd Frank 21F-2 Retaliation 21f (h) (1)  .

7.   The conduct complained of in this action involves:

(A)   ☐   Failure to employ.
(B)   ☑   Termination of employment.
(C)   ☐   Failure to promote.
(D)   ☐   Unequal terms and conditions of employment.
(E)   ☐   Reduction in wages.
(F)   ☑   Retaliation.
(G)   ☐   Other acts as specified below:

8.                                     **FACTS**

Set forth the facts of your case which substantiate your claims.  List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

In 2006 I was falsely accused of making racial comments while at a company meeting. I had told a story about Mike Tyson who lived in my village and used words to describe music. There was an African American at the table, but it was another person who said I made racial comments. I was called by HR and told they were doing an investigation and suspended me from work.  I was devastated and made some statements about Sarbanes Oxley in retaliation for my suspension. I used to tape conference calls to be able to get all information should I need to leave for rest room or other reason. During one of those conference calls our area Vice President at the time, John Sette talked about how AmeriGas padded the cost of gas because they did not want contract customers to be advantaged by our buying power. This was after our sales people persuaded over 90% of these customers to take advantage of it. He did talk about fixing the problem, so I said nothing at the time. I have an audio tape with him talking about this behavior. When suspended, I brought this to their attention, only to be harassed and told by the CEO of UGI, Lon Greenberg that they could keep me tied up in court for years, as it was not his money. My dad lived with me and |I could not afford to lose my job, so I said no more. I was given a letter for which I did nothing they instructed me to do other than apologize to the African American gentleman. In the closing statement of that letter, Kathy Prigmore told me that she would separate me from the company should I not cooperate in pricing.

9.                              **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

**FIRST CAUSE OF ACTION**

I was terminated for questioning a protected action under Dodd Frank status and retaliation 17 C.F.R. 240.21F-2 and Prohibition against retaliation 21F (h) (1) (A). I questioned the legality of raising prices to customers who were under contract using the cost plus margin method.

## SECOND CAUSE OF ACTION

Under Dodd Frank, I am entitled to double my back pay, plus interest and all costs inured by me for filing this civil suit along with reinstatement to my job at no reduction in pay.

## THIRD CAUSE OF ACTION

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:

————————————————
(Provide Date)

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (**copy attached**) which was received by me on or about:

————————————————
(Provide Date)

12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

15.   **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

I respectfully request for the court to find in my favor and require AmeriGas to pay me $2,000,000.00 which is my entitlement under sections 21f of Dodd Frank listed above. I am also asking for all court costs inured by by me as well as reinstatement to my job with no cut in pay or $150,000 in lieu of not hiring me back.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____3-3 17_____

_____

Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

## 2. Continued:

For the next couple of years Ms. Prigmore managed the region and was at times very negative towards me. I remember we needed to get a pump repaired at one of my districts and our regular electrician was not available. The manager at that district had a son who was an electrician. He needed to be paid for his services and did not want to wait the 30-60 days it takes AmeriGas to pay a bill. I instructed manager to pay him from his own pocket and put on an expense form and I would approve. We need to have this work done because without the pump, we could not load trucks.

During a visit to that district, Ms. Prigmore questioned my assistant and myself about the work done on the pump. In my mind, she was questioning if the work was really done. She was upset about how the vendor was paid and made it clear that I never approve something like this again. She was demeaning and unprofessional in her communication to me. I felt like she was accusing me of stealing. I was actually shocked that something like this would ever come up.

Moving forward, Ms. Prigmore left the region around 2008-2009. AmeriGas had chosen her to lead the company in the rollout of a new computer system (sap ). In the interim, a gentleman named Andy Peyton managed the region along with Roger Maiolini as his assistant. During that time span, I had no issues with either of these two gentleman. In fact, in Oct. of 2010, I received an exceeded goal review for my work of 2009. In the middle of Oct. 2010, Ms. Prigmore returned to manage the region. In the months following her return, the region was falling way short of budgeted gallons. In Nov.-December, Ms. Prigmore instructed the managers to start raising prices to offset the profits lost from less gallons sold. She also instructed us to start raising prices on contract customers, both written and verbal. When

communicating this to my managers, I received a tremendous amount of push back. My managers questioned the legality of this practice so I told them I would be in contact the region lawyer to discuss. During my conversation with Jean K. the region lawyer, I used the words here we go again, 2006 all over again when I questioned this same type of behavior when John Sette talked about padding the cost of gas. Jean K. confirmed to me that this was not legal and would look into it and get back to me. Not sure what she did, but about a month and a half later, Ms. Prigmore came to my along with an HR manager and terminated my employment. She told me she had lost confidence that I would be able to lead my market in the upcoming SAP computer rollout. This was on March 3, 2011. The rollout was not scheduled until June-July of 2011. Not sure how she lost confidence for something that is not happening for 3-4 months down the line.

In closing, I never refused to follow instruction, was never written up for not doing my job, and never given a work performance contract. I was never coached for not performing up to expectations. I have numerous awards, etc. which can be discussed at a later date.